**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


Antoinet M. Carovac,                )        CASE NO. 1:19 CV 2344
                                    )
            Plaintiff,              )        JUDGE PATRICIA A. GAUGHAN
                                    )
      vs.                           )
                                    )
Lake County Board of Developmental  )        <u>Memorandum of Opinion and Order</u>
Disabilities/Deepwood, et al.,      )
            Defendant.              )

<u>Introduction</u>

This matter is before the Court upon Defendants Brittany Residential, Inc. and Jayson

Fabian's Motion for Judgment on the Pleadings (Doc. 49) and Defendant Paige Powers' Motion

for Judgment on the Pleadings (Doc. 50). This is an employment discrimination case.  For the

following reasons, the motions are GRANTED.

<u>Facts</u>

Plaintiff Antoinet M. Carovac filed her Fourth Amended Complaint against defendants

Lake County Board of Developmental Disabilities/Deepwood  ("Lake County BDD"), Brittany

Residential, Inc., Ms. Catherine Dye, Mr. Jayson Fabian, and Ms. Paige Powers setting forth 16

claims.  By prior Memorandum of Opinion and Order, this Court dismissed Count Twelve as to all defendants. Additionally, Counts Three through Fourteen were dismissed against Lake County BDD, and Counts Three through Five, Seven, and Twelve through Fourteen against Dye.

The Fourth Amended Complaint states the following facts. Plaintiff is a  fifty-four year-old female.  On June 15, 2016, defendant Brittany Residential hired plaintiff as a direct support professional.  Brittany Residential operates a number of facilities to assist adults with developmental disabilities.  One such facility is the Sherwood House.  Plaintiff worked at the Sherwood house and her job duties included providing basic personal care and hygiene services to persons receiving services at the facility.  Defendant Powers worked with plaintiff, as did non-defendant Gloria Reith.

An incident involving a resident occurred in the bathroom at Sherwood House.  Plaintiff alleges that an audio/video recording was surreptitiously made by Powers.  Reith was also present in the bathroom.  The recording, which is time-stamped December 13, 2018, depicts an individual verbally abusing the resident.  The recording does not show the face of either the perpetrator or the victim.  The recording was made "without notice to plaintiff," the resident, or Brittany management. Plaintiff "neither knew about the recording nor gave her consent to the recording." Plaintiff alleges that she was not working on December 13, 2018.  Later, Fabian "ostensibly" edited the video/audio recording which was taken on Powers's smartphone, and placed it on a DVD.

On December 15, 2018, plaintiff filed two incident reports involving the same resident. The incident reports centered around a fall the resident sustained in his bedroom.  The first report concerned the resident's fall and the second related to plaintiff's condition. Later that day,

2

plaintiff's supervisor, Troy Johnson, instructed plaintiff to leave the Sherwood facility and not to return.  On December 17, 2018, plaintiff was terminated by Fabian as a result of the audio/video of the bathroom incident and based on an "Investigative Transcript" made by Johnson of the incident.[1]

At some point thereafter, Brittany Residential informed Lake County BDD of the bathroom incident, which triggered a mandatory investigation.  Lake County BDD assigned defendant Dye to the investigation.  Dye emailed plaintiff in January 2019, wherein plaintiff first learned of the existence of the surreptitious recording.  Dye considered the recording in evaluating the bathroom incident, but did not consider the two incident reports surrounding the fall occurring in the resident's bedroom.  Dye also noted that she needed to interview Powers, but Powers did not show up for her scheduled interview.  In March 2019, Dye contacted plaintiff and informed her that the audio/video recording was "conclusive" evidence that plaintiff committed the acts of verbal abuse it portrayed and that plaintiff was terminated.   A letter written by Dye to the resident noted that the resident's housemate was also present during the bathroom incident and his voice can be heard on the recording saying,"stop it."  In addition, Dye confirmed that plaintiff could be heard speaking to the resident in a humiliating and demeaning tone.

Plaintiff did not receive a copy of the recording until July 2019, when it was disclosed by defendants as part of a hearing on plaintiff's application for unemployment benefits before the

---

[1]     The allegations in the Complaint are, at times, inconsistent. Plaintiff alleges that her employment was terminated on December 17, 2018. (Doc. 31 at Par. 21).  Later, however, plaintiff alleges that "in March 2019...Defendant...Dye...contacted Plaintiff via email  and  informed [her that] the audio evidence itself was 'conclusive' that Plaintiff committed the acts of alleged abuse... and, thus, Plaintiff was terminated." (Doc. 31 at Par. 25).

Ohio Department of Job and Family Services (ODJFS). Around that time, plaintiff requested and received her employment file which was missing the second incident report that plaintiff had filed on December 15, 2018. Plaintiff was not given an opportunity to defend herself until months after the termination took effect.

The Fourth Amended Complaint contains 16 claims for relief. Count One alleges a violation of 42 U.S.C. § 1983. Counts Two and Three allege violations of due process and equal protection, respectively. Count Four alleges retaliation under O.R.C. § 4112.02. Count Five alleges a violation of the Age Discrimination in Employment Act. Count Six asserts defamation. Count Seven alleges a violation of O.A.C. § 5123-17-02. Counts Eight through Eleven assert tort claims of negligence, fraud, civil conspiracy, and spoliation of evidence. Counts Twelve and Thirteen are claims for tampering with evidence and obstruction of justice, respectively. Count Fourteen alleges termination in violation of Ohio public policy. Count Fifteen alleges that Powers violated criminal statutes. Count Sixteen asserts Brittany Residential's respondeat superior liability.

This matter is now before the Court upon Defendants Brittany Residential, Inc. and Jayson Fabian's Motion for Judgment on the Pleadings and Defendant Paige Powers' Motion for Judgment on the Pleadings**.**

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded

4

allegations of the pleadings of the opposing party must be taken as true, and the motion may be

granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank,

N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

      Thus, "[w]e assume the factual allegations in the complaint are true and construe the

complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v. Booth Creek

Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate

Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)).  In construing the complaint in the light most

favorable to the non-moving party, "the court does not accept the bare assertion of legal

conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v.

Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*,

123 F.3d 394, 400 (6th Cir.1997.  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
> claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
> statement need only give the defendant fair notice of what the ... claim is and the grounds
> upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic
> Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be
> enough to raise a right to relief above the speculative level" and to "state a claim to relief
> that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ]
> factual content that allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that

the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face based on factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570;

*Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

## Discussion

**(1) Defendants Brittany Residential, Inc. and Jayson Fabian's Motion for Judgment on the Pleadings**

Plaintiff alleges that defendant Brittany Residential is an Ohio Corporation operating 11 facilities in Ohio.  Defendant Fabian is Brittany Residential's Chief Operating Officer.  In response to defendants' motion, plaintiff states that she is voluntarily dismissing the following claims against these defendants: Count One, Count Two, Count Three, Count Seven, and Count Fourteen.  Additionally, Count plaintiff dismisses Count Five as to defendant Fabian.  Count Twelve has previously been dismissed as to all defendants.

Accordingly, plaintiff acknowledges that the following claims remain against defendants Brittany Residential and Fabian: Count Four, Count Five (Brittany Residential only), Count Six, Count Eight, Count Nine, Count Ten, Count Eleven, and Count Thirteen. Oddly, plaintiff does not mention Count Sixteen which alleges respondeat superior against Brittany Residential, only. [2]

Defendants argue that Count Four (retaliation under O.R.C. § 4112.02) fails.  The Sixth Circuit has recently reiterated the relevant analysis:

> Under Ohio and federal law, a plaintiff asserting a retaliation claim must make a prima facie showing "that (1) [he] engaged in a statutorily protected activity, (2) [he] suffered an adverse employment action, and (3) there was a causal connection between the adverse employment action and the protected activity." *Bryson v. Regis Corp*., 498 F.3d 561, 570 (6th Cir. 2007); see also *Johnson v. Univ. Hosps. Physician Servs*., 617 F. App'x 487, 492 (6th Cir. 2015) (applying this framework to a claim under Ohio Revised Code Annotated § 4112.02(I)). "[T]he burden shifts to the defendant to offer evidence of a legitimate, non-discriminatory reason for the adverse employment action" once the plaintiff has made out a prima facie case. *Bryson*, 498 F.3d at 570.

*Allman v. Walmart, Inc.,* -F.3d-, 2020 WL 4359732 (6th Cir. July 30, 2020).

---

[2]        Count Fifteen relates only to Powers.

6

Count Four alleges that plaintiff informed Fabian that the residents in Sherwood House were being "treated worse" than the residents of Brittany House which resulted in Fabian's animus toward plaintiff.  Fabian had a relative who was a resident at Brittany House. Elsewhere in the Complaint, plaintiff alleges that she informed Fabian that "conditions at Sherwood House were sub-standard compared to conditions at Brittany House... prompting Fabian's ... animus toward plaintiff... "(Doc. 31 at ¶ 11) Defendants maintain these allegations do not amount to activity covered by § 4112, i.e., discrimination based upon race, color, religion, sex, military status, national origin, disability, age, or ancestry. Rather, plaintiff is alleging that she was retaliated against by her employer based upon criticism of the organization's treatment of two different facilities.  On this basis, plaintiff did not engage in statutorily protected activity and, therefore, cannot state a claim for a prima facie case of retaliation. This Court agrees. In fact, plaintiff seems to allege that the residents at Brittany House were treated better because Fabian had a relative who was a resident there.  (Doc. 31 at ¶¶ 11,70) Thus, there is no allegation that the residents were treated differently because of their race, sex, religion, etc.

Although Count Four is entitled "Retaliation- O.R.C. Section 4112.02 *et. seq.*,"plaintiff's brief appears to abandon the § 4112 allegation, and rely on her reference in Count Four to O.R.C. § 3721.24 which states in part:

> (A) No person or government entity shall retaliate against an employee or another individual used by the person or government entity to perform any work or services who, in good faith, makes or causes to be made a report of suspected abuse, neglect, or exploitation of a resident or misappropriation of the property of a resident...

Plaintiff argues that she did engage in protected activity because Ohio Revised Code § 3721.24 prohibits retaliation for reporting abuse or neglect.  However, even assuming this section applied

or that Count Four alleged retaliation thereunder, the Fourth Amended Complaint does not allege that plaintiff reported suspected abuse, neglect, or exploitation of a resident.  The Complaint alleges that she reported that the residents of one facility "were being treated worse" than the residents of the other facility, and that conditions at the one facility "were sub-standard compared to conditions" at the other facility.   (Doc. 31 at ¶¶ 70, 11) The Court cannot assume that this included abuse, neglect, or exploitation.

Judgement is warranted on Count Four to defendants.

Count Five alleges that defendant Brittany Residential violated the Age Discrimination in Employment Act. Defendant argues that plaintiff fails to allege facts in support of a prima facie case.  In particular, her Complaint acknowledges that her "replacements" were hired prior to her termination, and there is no allegation regarding any similarly situated employee.  For the following reasons, this Court agrees.

"To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was replaced by a younger worker." *George v. Youngstown State University,* 966 F.3d 446 (6th Cir. 2020) (citations omitted). As to the fourth element, a plaintiff may show that the employer "treated similarly situated, non-protected employees more favorably." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521  22 (6th Cir. 2008).

Plaintiff asserts that her Complaint alleges that she was terminated on December 17, 2018, and that she was replaced by younger employees- although also acknowledging that the employees were hired prior to her termination. Plaintiff makes no argument (or allegation) as to

8

any similarly situated employee.

While *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), held that a plaintiff's employment discrimination complaint need not contain specific facts establishing a prima facie case of discrimination, that case "did not change the law of pleading." *Smith v. Wrigley Manufacturing Company, LLC,* 749 Fed. Appx. 446 (6th Cir. 2018) (quoting *Keys v. Humana, Inc.,*, 684 F.3d 605, 609 (6th Cir. 2012). While plaintiff points to her younger co-workers defendant Powers and Gloria Reith whom she now asserts were hired "within" months and days of her termination, the Fourth Amended Complaint alleges:

> 10. ... Defendant Powers, age in her mid-20's, and Gloria Reith, age in her mid-20s, were at all times co-workers with Plaintiff at Sherwood House. Both are Direct Support Professionals, Powers being hired six months and Reith being hired three days prior to Plaintiff's termination.

In fact, the Complaint alleges that Powers made the December 13, 2018 video/audio recording, and Reith was present. (¶ 12). Both Powers and Reith are alleged to have held the same position as plaintiff with the same job duties.

It is well-established that "a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Barnes v. GenCorp Inc.*, 896 F.2d 1457 (6th Cir. 1990). Because plaintiff alleges that Powers and Reith were existing employees already performing the same job duties as plaintiff, she was not replaced by them.

Thus, plaintiff has set forth no plausible allegation that she was replaced by a younger worker. On this basis, the ADEA claim fails.

Count Six alleges defamation based on "false accusations of alleged verbal abuse and false conclusions and spurious investigations of alleged verbal abuse." Said false statements were published to, and not limited to, "CareWorks, the LCBDD/Deepwood Superintendent, an SSA Director, and an SSA employee." (¶82,83) The statements were made negligently and/or with actual malice. (¶ 84)

Defendants argue that O.R.C. §5123.61 protects them from liability for reporting the alleged abuse of a resident. In her brief, plaintiff concedes as much. The Court agrees as that statute gives immunity from liability for the making of a such a report to defendants who have a duty to report abuse of neglect.

Plaintiff argues that she has alleged that the report was made in bad faith or with malicious purpose to third party CareWorks which "is an Ohio BWC-certified Managed Care Organization ... whose focus is to help injured workers..." (Doc. 55 at 8) On this basis, plaintiff argues, defendants are liable.

Defendants maintain they are entitled to a qualified privilege. The Court agrees. "Ohio law provides for a defense of qualified privilege to allegations of defamation where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it." *Knox v. Neaton Auto Produicts, Mfg.,* 375 F.3d 451 (6th Cir. 2004) (citing *Hahn v. Kotten*, 43 Ohio St.2d 237 (Ohio 1975)). As such, "a communication made in good faith on a matter of common interest between an employer and an employee, or between two employees concerning a third employee, is protected by qualified privilege." *Id.* (citations omitted) Once a defendant demonstrates the existence of qualified privilege, the plaintiff can only prevail upon a showing of actual malice. *Id*.

10

Any alleged defamatory statement made to CareWorks, an agent for workers compensation purposes, would be protected by the mandatory reporting statutes discussed above. Plaintiff's Complaint fails to set forth facts establishing statements made with malice so as to deprive defendants of the qualified privilege of revealing to CareWorks the existence of the recording.

Count Six is dismissed as to defendants.

Count Eight alleges negligence.  The claim alleges that defendants owed their employees a duty under Ohio Revised Code § 5123.19, breached that duty, and that plaintiff's termination from employment occurred as a result of the negligence. Defendants argue that plaintiff fails to allege sufficient facts to establish a cognizable cause of action.  For the following reasons, the Court agrees.

O.R.C. § 5123.19 pertains to the licensing of residential facilities for persons with developmental disabilities. The statute does not establish any duties toward employees of the facilities.

In her brief, plaintiff seems to abandon her negligence claim based on statutory provisions and argues that the existence of a duty depends on the foreseeability of harm, and that it is foreseeable "in an employer-employee relationship that harm to an employee in the form of termination would follow a lack of use of ordinary care in that the Defendants have a duty not to taint the audio/video evidence used to terminate Carovac..."  (Doc. 55 at 10) Plaintiff's ordinary negligence claim based on common law duty fails for the following reasons.

It is undisputed that plaintiff was an at-will employee.  Under Ohio law, an at-will employee "may be terminated at any time for any lawful reason or for no reason at all."

11

*Herrington v. DaimlerChrysler Corp.*, 262 F.Supp.2d 861, 864 (N.D.Ohio 2003).  Limited exceptions to this doctrine exist- promissory estoppel and express or implied contract- but, plaintiff cannot circumvent the doctrine by claiming that her termination was negligent. A claim that an at-will employee was negligently terminated is not recognized in Ohio. *Cooper v. Mt.Carmel Health Sys.,* 2015 Ohio Misc. LEXIS 13338 (Aug. 18, 2015) (citations omitted) ("Plaintiff's claim appears to be for negligent termination. It is well-established that a claim of negligent termination for an at-will employee is not a valid claim in Ohio.")

Defendants are entitled to judgment on the pleadings on this claim.

Count Nine alleges fraud which requires plaintiff to establish: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.  *Leal v. Holtvogt*, 123 Ohio App.3d 51 (2d App. Dist. 1998) (citations omitted). When pleading fraud, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." It is well-settled in the Sixth Circuit that circumstances constituting fraud include "the time, place, and content of the alleged misrepresentation" as well as the identity of the individual making the representation. *United States v. Ford Motor Credit Co.,* 532 F.3d 496, 504 (6th Cir. 2008) (internal quotations omitted); *Sogevalor, SA v. Penn Central Corp.,* 771 F. Supp. 890, 893 (S.D. Ohio 1991) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 680 (6th Cir. 1988)).  Defendants argue that plaintiff fails to allege any specific facts to state a claim for fraud.  This Court agrees.

12

The Complaint alleges that defendants represented to plaintiff that the benefits of her employment and the protections afforded by a competent investigation would inure to her upon her exemplary employment, and defendants had a duty to conduct a competent investigation. (Doc. 31 ¶¶ 103, 104) Defendants' representations were false and defendants breached their duty by failing to conduct a competent investigation into the alleged verbal abuse allegedly perpetrated by plaintiff. (*Id.* ¶ 107)

These allegations simply fail to satisfy the heightened pleading requirement for fraud. At a minimum, plaintiff fails to allege when this representation was made, by whom, or the facts surrounding it.

Plaintiff argues that she has sufficiently alleged fraud:

> Carovac has alleged: a) Defendants had a duty to conduct a reasonable, adequate, accurate, and competent investigation(s) as required by law in the alleged verbal abuse Carovac was accused of committing and to disclose the facts of those investigation(s) to Plaintiff and others who are required to have knowledge of those facts; b) those alleged facts were material to Carovac's employment; c) Defendants' representations were made falsely, with knowledge of their falsity, and/or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; d) Defendants intended misleading others into relying upon false representations, including but not limited to, CareWorks and ODJFS; e) those given the false representations from a long standing Ohio business and state agency justifiably relied on the false representations, and; f) Carovac was damaged by the injury proximately caused by the justifiable reliance.

(Doc. 55 at 12-13).  Any investigation "as required by law" would implicate Ohio Revised Code § 5123.19 which, as discussed above, protects the residents of the facilities from improper conduct and, therefore, reliance by plaintiff as an employee would not have been reasonable as a matter of law. Additionally, as noted by defendants, a promise by defendants that they would undertake competent investigations of any wrongdoing in exchange for exemplary employment would have related to future conduct. In general, a party's representations about its future conduct cannot be

13

the basis of a fraud claim. *See Tibbs v. National Homes Constr. Corp.*, 52 Ohio App.2d 281 (Ohio App. 12th Dist. 1977) ("It is generally true that fraud cannot be predicted upon promises or representations relating to future actions or conduct.").

Plaintiff's count for fraud fails to state a claim.

Count Ten asserts civil conspiracy and alleges that defendants Brittany, Deepwood, Fabian, and Dye "formed a malicious combination to conspire against plaintiff with false accusations of alleged verbal abuse and false conclusions and investigations of alleged verbal abuse relative to plaintiff's employment with Brittany."  (Doc. 31 ¶ 113) Defendants' actions led to plaintiff's wrongful termination and inability to gain employment in the fields of health care, elder care, and/or developmental disability care."  (*Id.* ¶ 115)

Defendants argue that the claim fails to state with any of the required specificity when or how they agreed or planned to cause harm or damage plaintiff. Nor is there an underlying unlawful act for which defendants are liable. Plaintiff argues that she has alleged facts supporting a conspiracy.

Ohio law provides:

The tort of civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 419, 650 N.E.2d 863, 866. An underlying unlawful act is required before a party can prevail on a civil conspiracy claim. *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868. The conspiracy claim must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim. *Harman v. Chance* (Nov. 14, 2000), Mahoning App. No. 99CA119, unreported, 2000 WL 1726520, citing *Jaco v. Bloechle* (C.A.6, 1984), 739 F.2d 239, 245.

*Avery v. Rossford, Ohio Transportation Improvement District,* 145 Ohio App.3d 155 (6th

14

App.Dist. 2001).  The Court agrees with defendants that plaintiff has failed to state a claim in accordance with this law.

Plaintiff maintains in her brief that she has sufficiently stated a civil conspiracy by alleging that Powers surreptitiously filmed a video/audio of plaintiff allegedly verbally abusing a resident; supervisor Johnson had an animus against plaintiff because she had reported differing client conditions between the two facilities; Brittany and Fabian submitted the false audio/video to CareWorks and ODJFS; and Dye failed to conduct a competent investigation and published it to third parties CareWorks, ODJFS, the Deepwood Superintendent, and SSA Director, and an SSA employee.

While these assertions point to allegedly wrongful conduct on the part of the various defendants and a non-defendant (i.e., Johnson), some of the named actors have not even been named in the conspiracy count (i.e., Powers and Johnson).  Moreover, although she lists conduct, plaintiff fails to address the pleading deficiencies related to the conspiracy itself, i.e., what the conspiracy entailed and when or how it was formed.  Additionally, as stated above, a civil conspiracy requires an underlying tort. "Civil conspiracy is derivative in that the claim cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Durham v. Niffenegger,* 2019 WL 1050018 (S.D. Ohio 2019).  Because plaintiff's other claims fail as a matter of law, the conspiracy claim fails as well.

For these reasons, Count Ten is dismissed.

Count Eleven alleges spoliation of evidence.  The claim alleges that although plaintiff filed two incident reports on December 15, 2018, with Brittany regarding the same resident who was the subject of the surreptitiously filmed video, her employment file only contained the first report

and not the second.  The first reported that the resident slid off his bed in his bedroom, the second reported plaintiff's condition.  The reports showed that plaintiff was in the bedroom assisting the resident, and not in the bathroom.  Brittany and Fabian failed to disclose the second incident report. Additionally, Deepwood and Dye used the audio/video recording to terminate plaintiff even though it lacked a date of the recording, a certification of originality, or a voice analysis among other things. Defendants' destruction of the second incident report and use of the unauthenticated audio/video prevented plaintiff from proving that she was in the bedroom, and not the bathroom, with the resident.

The Ohio Supreme Court recently recognized that although "most states have declined to adopt a cause of action for intentional spoliation of evidence," Ohio does "recognize the independent tort of intentional spoliation of evidence." *Elliot-Thomas v. Smith,* 154 Ohio St.3d 11 (2018).  However, the tort requires willful physical destruction of evidence by defendant designed to disrupt the plaintiff's case, and the tort of intentional spoliation does not include claims alleging intentional interference with evidence or concealment of evidence.  *Id.*

Plaintiff now acknowledges that defendants have produced the second incident report, so that piece of evidence is no longer part of her spoliation claim.  (Doc. 55 at 16) Remaining is plaintiff's assertion that Fabian downloaded the audio/video from Powers's smartphone, edited it, placed it on a DVD, inserted the date of December 13, 2018, and "compromised the audio/video evidence."  (*Id.*)  And, Dye "downloaded to DVD and downloaded to computers and DVDs." As a result, "the chain and custody and control of said audio/video evidence has been compromised and broken due to various downloads and/or copies being made by defendants." (*Id* at 17)

16

These allegations simply do not amount to a contention that defendants physically destroyed evidence.  Furthermore, plaintiff is not alleging that the insertion of the date or the copying of the recording "disrupted" her case.  Rather, she is relying on the date to show she was not present in the bathroom on the day.  And, she is attempting to undermine the validity of the video by arguing that it was edited. Therefore, the spoliation of evidence claim fails.

Count Thirteen alleges obstruction of justice. This claim fails for the reasons previously discussed in the prior Memorandum of Opinion and Order.  (Doc. 51 at 11) Plaintiff fails to oppose the motion as to Count Sixteen, and judgment is warranted on that claim for the reasons stated by defendants.

For the foregoing reasons, all claims against defendants Brittany Residential and Fabian are dismissed- either voluntarily by plaintiff or by judgment on the pleadings as discussed herein.

**(2) Defendant Paige Powers's Motion for Judgment on the Pleadings**

Count Fifteen is asserted against Powers, only. [3]  This claim alleges:

164. On December 13, 2018, Defendant Powers surreptitiously and with Reith present, without notice to Plaintiff, John Doe, and/or Brittany management, filmed a video/audio recording of Plaintiff allegedly verbally abusing resident John Doe at Sherwood House. The video/audio was taken on the smartphone of Powers, with Reith present, alleging verbal abuse of resident John Doe by Plaintiff in the bathroom of the Sherwood House facility in an effort to have Plaintiff terminated, as Powers and Reith were desirous of Plaintiff's work schedule at Defendant Brittany.

165. Plaintiff neither knew about the recording nor gave her consent to the audio recording by a co-employee of Brittany. The video failed to identify any individual and showed only someone standing and their two (2) feet from the knee down and one (1) other foot from another individual. Neither individual is identifiable. Furthermore, neither John Doe, Brittany Management, or any of the alleged persons referenced in the audio by

---

[3]     Defendant maintains that to the extent any of the other claims are asserted against her, they fail for the reasons asserted in her co-defendants's motion.  Plaintiff does not contest this.

> Defendant Investigative Agent Dye, Defendant Fabian, or Supervisor Johnson knew about the recording nor gave their consent to the recording by Powers. Moreover, neither Dye's Investigative Report nor Johnson's Investigative Report states anything about either Defendant Powers or Reith being a party to or a participant in the audio recording.

The Complaint alleges that Powers violated 18 U.S.C. § 2511 and O.R.C. § 2933.52 by making the audio recording without plaintiff's or other participants' knowledge or consent.

Initially, plaintiff cannot assert a private cause of action for violation of these criminal statutes. "There is no automatic civil liability for violation of a criminal statute." *Stone v. Holzberger,* 807 F.Supp. 1325 (S.D.Ohio 1992) "[T]he Ohio courts have held that a plaintiff may not assert a civil claim based upon an alleged violation of a criminal statute because "[c]riminal violations are brought not in the name of an individual party but rather by, and on behalf of, the state of Ohio or its political subdivisions." *Gibson v. Rose,* 2012 WL 2995484 (N.D. Ohio 2012) (citing *Biomedical Innovations, Inc. v. McLaughlin*, 103 Ohio App.3d 122, 126 (1995) (other citations omitted). "A civil claim for violation of a criminal statute that does not provide a civil cause of action must be dismissed as a matter of law." *DirecTV, Inc. v. Milliman,* 2003 WL 23892683 (E.D.MIch. 2003). See also *Oliver v. Lexington Fayette Urban County Govt.,* 2020 WL 2858008 (E.D.Ky. 2020) (citations omitted) ("18 U.S.C. § 2511 is a criminal statute prohibiting the interception and disclosure of wire, oral, or electronic communications. A private citizen lacks a judicially cognizable interest in the criminal prosecution of another and thus cannot assert a claim arising under a criminal statute.")

Even if plaintiff could assert a claim based upon the violation of either of these criminal statutes, she has repeatedly asserted that she "has never admitted, stated, or inferred that she was present at the time the recording was made and has at all times herein has [sic] stated the

18

recording was not of her and she was not present when the recording was made." (Doc. 56 at 5) Thus, plaintiff cannot base a claim on an unlawful recording of herself when she adamantly denies that it was she who was recorded.

For these reasons, judgment on the pleadings is appropriate in defendant Powers's favor.

**Conclusion**

For the foregoing reasons, Defendants Brittany Residential, Inc. and Jayson Fabian's Motion for Judgment on the Pleadings and Defendant Paige Powers' Motion for Judgment on the Pleadings are granted. Other claims remain pending in this case against defendants Lake County BDD and Dye as discussed in the Court's earlier Memorandum of Opinion and Order.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated:  9/9/20

19